# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:14-604-JFA |
| | ) | |
| REGINAL BRIAN ALEXANDER | ) | |

## RESPONSE IN OPPOSITION TO MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT OF 2018

The United States hereby files this response in opposition to the Defendant's motion to reduce sentence (ECF No. 207) under the First Step Act of 2018 as the statute does not authorize consideration of a reduction in this case.

Section 404 of The First Step Act of 2018, Public Law No. 115-015,[1] permits this Court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced

---

[1] Section 404 reads:

**SEC. 404. Application of Fair Sentencing Act.**

(a) Definition of covered offense.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), *that was committed before August 3, 2010 (emphasis added).*

(b) Defendants previously sentenced.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) Limitations.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing

sentence on certain offenses in accordance with the Fair Sentencing Act of 2010, if no such reduction was previously granted. First Step Act of 2018, Pub. L. No. 115-015, § 404, 132 Stat 015, 015 (2018). Section 2 of the Fair Sentencing Act of 2010 reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat 2372, 2372 (2010). After the statute's enactment, a violation of 21 U.S.C. § 841(a)(1) must involve: at least 280 grams of cocaine base, rather than 50 grams, to trigger the 10 years to life penalty range of 21 U.S.C. § 841(b)(1)(A); and at least 28 grams of cocaine base, rather than 5 grams, to trigger the 5 to 40 year penalty range of 21 U.S.C. § 841(b)(1)(B). *Id.* Considerations for reductions under the First Step Act are specifically ***not*** authorized "if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." *Id.* at § 404(c).

Defendant Reginal Brian Alexander was indicted on April 21, 2015. Alexander pled guilty to a lesser included offense contained in Count 1 of the Superseding Indictment, that being conspiracy to possess with intent to distribute 500 grams or more of cocaine (powder). *See* Plea Agreement; ECF No. 971. He was sentenced on October 5, 2016.

Because Alexander was charged and sentenced after the enactment of the Fair Sentencing Act of 2010 and because his offense of conviction (Count 1) was not implicated by the changes in

---

Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act of 2018, Pub. L. No. 115-015, § 404, 132 Stat 015, 015 (2018).

the Fair Sentencing Act, he is not eligible for consideration of a reduction under the terms of the

First Step Act.  For these reasons, his motion for relief should be denied.

Respectfully submitted,

SHERRI A. LYDON
United States Attorney

/s/ JD Rowell
J.D. Rowell
Fed. Id. No. 09802
Attorney for United States of America
United States Attorney's Office
1441 Main Street
Columbia, South Carolina 29201
803-929-3000
jd.rowell@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Crim. No. 3:14-604-JFA |
| | ) | |
| v. | ) | |
| | ) | |
| REGINAL BRIAN ALEXANDER | ) | |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I am an employee in the Office of the United States Attorney for the District of South Carolina, Columbia, South Carolina, and on October 30, 2019, I caused to be served one true and correct copy of the RESPONSE IN OPPOSITION TO MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT OF 2018 in the above-captioned case, via the court's e-noticing system, but if that means failed, then by regular mail, on the following person(s):

REGINAL BRIAN ALEXANDER, USMS # 28519-171
FCI Williamsburg
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 340
SALTERS, SC  29590

BY: <u>s/ JD Rowell</u>
JD Rowell (#9802)
Assistant U.S. Attorney